IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARIO CARLOS CABO,

    Petitioner,

vs.                             CIVIL ACTION NO.: CV213-159

SUZANNE R. HASTINGS, WARDEN,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mario Cabo ("Cabo"), an inmate at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. Cabo filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Cabo's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 1998, Cabo pled guilty to: conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951(a); attempting to obstruct commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) & 2; and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). (1:97-cr-00155-DMM-4, Doc. 189, p. 1) (S.D. Fla.). Cabo was sentenced to twenty years as to Count 1, ten years as to Count 2, and five years as to Count 3. All sentences were to run consecutively for a total of 420 months' imprisonment. Cabo appealed his conviction

and sentence and his counsel filed an Anders v. California, __ U.S. __, 87 S. Ct. 1396 (1967), brief. The Eleventh Circuit Court of Appeals affirmed Cabo's conviction and sentence. United States v. Cabo, 211 F.3d 598 (11th Cir. 2000) (Table).

Cabo filed the instant petition on November 4, 2013. He asserts that he is time barred from filing a § 2255 motion and his current claims do not qualify under the exceptions listed in § 2255(h). He claims that, because of his ignorance of the law and language barrier, he was unable to file a § 2255 motion. He contends that there was a jurisdictional defect at sentencing, that his sentence exceeds the statutory maximum prescribed in 18 U.S.C. § 1951(a), and that Congress did not intend for consecutive sentences to be imposed exceeding this maximum. He asserts that the maximum guideline level for this violation was thirty-three (33) with a maximum sentence of twenty (20) years, but that he was sentenced at level forty-three (43) to serve thirty (30) years. Cabo argues that the Sentencing Reform Act of 1984 directed courts to impose concurrent sentences for conspiracy and its substantive offense—the object of the conspiracy. Cabo contends that the savings clause is applicable to his petition because his sentence exceeds the statutory maximum.

Respondent asserts that Cabo's jurisdiction claim and his claim that his sentence exceeds the statutory maximum do not escape the savings clause requirements. Respondent contends that the one-year limitation on § 2255 motions does not render that section inadequate. Respondent claims that Cabo does not satisfy the savings clause because he had an opportunity to raise his claims at sentencing, on appeal and in a § 2255 motion.

2

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion," as Cabo has in this case. Marshall v. United States, 514 F. App'x 936, 937 (11th Cir. 2013). "Notwithstanding the bar on second or successive § 2255 motions, § 2255's savings clause permits a court to entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's 'remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 2255(e)).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable, first:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 1343 (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

3

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Cabo has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition at his sentencing hearing, on appeal, or in an initial § 2255 motion. Cabo cites to Castillo v. United States, 530 U.S. 120 (2000), one case which would not have been available to him at the time he appealed his conviction. However, Castillo affords him no relief. This

4

decision looked to a statute's language, structure, context, history, and other factors to determine its objectives. Castillo, 530 U.S. at 124. It is not directly relevant to Cabo's claims, as it concerned "whether Congress intended the statutory references to particular firearm types in § 924(c)(1) to define a separate crime or simply to authorize an enhanced penalty." Id. at 123. In addition, this decision is not retroactively applicable to cases on collateral review in this Circuit, nor does it render Cabo convicted of a nonexistent offense. See Rivers v. McKelvy, 236 F. App'x 508, 511 (11th Cir. 2007) (noting that the Eleventh Circuit has not addressed whether Castillo is retroactively applicable to cases on collateral review, but the petitioner could not show he was convicted of a non-existent offense).[1] Further, Cabo admits that no other Supreme Court decision has reviewed the instant claim—that his sentence exceeds the statutory maximum—since the precedent established in Callanan v. United States, 364 U.S. 587 (1961). Thus, he admits his failure to base his claim upon a retroactively applicable Supreme Court decision overturning circuit precedent, which squarely resolved the claim.

"The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999), aff'd, 203 F.3d 839 (Table) (11th Cir. 1999); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention"). A one-year limitation period applies to § 2255 motions, which in Cabo's case runs from the

---

[1] The Eleventh Circuit also stated, "[w]e note that, in denying Rivers leave to file a second and successive motion to vacate, this court indicated that Castillo was not retroactively applicable." Id. at 511 n.6.

5

"date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Since Cabo admits he has surpassed this time period, he has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his conviction and sentence because he is time barred from filing a § 2255 motion and does not meet the exceptions listed in 28 U.S.C. § 2255(h). Cabo's failure to file a timely § 2255 motion or that such motion is barred by the statute of limitations does not render § 2255's remedy inadequate or ineffective.

Cabo has failed to demonstrate how ignorance of the law or a language barrier renders relief under § 2255 inadequate or ineffective. In addition, Cabo's argument that his claim concerns a jurisdictional defect is not determinative, because such is not an exception to the requirements for invoking the savings clause. See Carr v. Holder, 154 F. App'x 95, 96-97 (11th Cir. 2005) ("[petitioner's] argument that those requirements do not apply and he may proceed under § 2241 because his claim goes to the sentencing court's jurisdiction ignores the fact that jurisdictional claims are cognizable in § 2255 proceedings . . . it also ignores the fact that the Wofford case involved a jurisdictional claim . . . that decision itself establishes there is no jurisdictional exception to its requirements.").

Cabo cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. Cabo is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Id. Cabo has not satisfied the requirements

6

and is not entitled to invoke § 2255's savings clause.

Cabo also claims he is entitled to pursue a petition pursuant to § 2241 and has satisfied the savings clause because his sentence exceeds the statutory maximum by ten years. He claims that the Eleventh Circuit, in <u>Gilbert v. United States</u>, 640 F.3d 1293 (11th Cir. 2011), held that a petitioner may satisfy the requirements of the savings clause when he is attacking a sentence which exceeds the statutory maximum.

Cabo's interpretation of <u>Gilbert</u> is misplaced, as the court held "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." <u>Id.</u> at 1323. Cabo's petition is not "otherwise barred by § 2255," as it is not a second or successive § 2255 motion because Cabo admits that he has never filed a § 2255 motion. Further, the court in <u>Gilbert</u> expressly stated, "[w]e do not decide whether a claim that the sentencing guidelines were misapplied may be brought in a first time § 2255 motion. Nor do we decide if the savings clause in § 2255(e) would permit a prisoner to bring a § 2241 petition claiming that he was sentenced to a term of imprisonment exceeding the statutory maximum." <u>Id.</u> In addition, the Eleventh Circuit has made it clear that even if the savings clause did permit such sentencing claims (those exceeding the maximum) the petitioner must still satisfy the prongs established by <u>Wofford.</u> See <u>Taylor v. Warden</u>, 508 F. App'x 875, 879 (11th Cir. 2013); <u>Williams</u>, 713 F.3d at 1341 ("In fact, it is not <u>Gilbert</u>, but rather our earlier savings clause decision in <u>Wofford</u>, that is fatal to Williams's attempt to pass through the savings clause.").

The decision in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), upon which Cabo relies, also supports this proposition. In Bryant, the petitioner had to establish that: his claim was squarely foreclosed by circuit precedent; a Supreme Court decision overturned that circuit precedent and applies retroactively on collateral review; and as a result of the new rule being retroactive, his sentence exceeds the statutory maximum. Bryant, 738 F.3d at 1274. Thus, Cabo must meet the requirements of the savings clause, regardless of whether his sentence exceeds the statutory maximum, and has failed to do so.

Further, even if Cabo could proceed under the savings clause his claim is foreclosed by precedent, establishing that his sentence does not exceed the statutory maximum. Cabo requests the Court to look to the legislative intent of the statute and rule contrary to prior decisions, which this Court declines to do. The Eleventh Circuit held that neither a 240-month sentence for conspiring to obstruct interstate commerce by robbery nor a 22-month sentence for obstructing interstate commerce, and attempting to do so, by robbery "exceeded the prescribed statutory maximum penalties for those convictions." United States v. Le, 256 F.3d 1229, 1231, 1240 (11th Cir. 2001), *overruled on other grounds by*, United States v. Cover, 491 F. App'x 87 (11th Cir. 2012). Cabo was convicted of two separate violations of the Hobbs Act—conspiracy and attempt.

"Unlike conspiracy, [ ] the prosecution may not obtain convictions for both the completed offense and the attempt as separate crimes if the attempt has in fact been completed." United States v. York, 578 F.2d 1036, 1040 (5th Cir. 1978). The Eleventh Circuit, in reviewing a defendant's sentence for separate counts of conspiracy and

8

attempt to commit a Hobbs Act robbery, held that it was not error to give separate instructions on attempt and conspiracy. United States v. Holland, 503 F. App'x 737, 745 (11th Cir. 2013). "The Supreme Court has held that convictions under the Hobbs Act for conspiracy and for the substantive offense are separate crimes that can be punished with consecutive sentences." Le, 256 F.3d at 1240 (citation omitted); see also Callanan, 364 U.S. at 597 ("This is an ordinary case of a defendant convicted of violating two separate provisions of a statute, whereby Congress defined two historically distinctive crimes composed of differing components . . . It was therefore within the discretion of the trial judge to fix separate sentences . . . ."). In that same vein, Cabo's offenses of conspiracy and attempt are also two separate crimes, which have a statutory maximum of twenty years each. See Le, 256 F.3d at 1240. Neither sentence exceeds the statutory maximum.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Cabo's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)