IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARIO CARLOS CABO,

    Petitioner,

vs.                                    CIVIL ACTION NO.: CV213-159

SUZANNE R. HASTINGS, WARDEN,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Mario Carlos Cabo ("Cabo") filed Objections. In his Objections, Cabo states that his "use of Castillo v. United States, 530 U.S. 120 (20[0]0) [ ] is neither claiming retroactivity of Castillo, or that he was convicted of a non-existent offense[,]" but that his use of the case "goes to the merits of his argument that his sentence exceeds the statutory maximum by applying these five factors to the history, language, statutory construction of 18 U.S.C. § 1951(a) as to whether such statute can be interpreted to provide for the imposition of consecutive sentences[.]" (Doc. 13, p. 3). However, Cabo cannot argue the merits of his claim if he cannot properly invoke the savings clause.

Cabo asserts that his sentence exceeds the statutory maximum, and as a result, he presents an exceptional circumstance in which "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. at 2. Cabo contends that the factor test enumerated in Wofford

v. Scott, 177 F.3d 1236 (11th Cir. 1999), is only "dicta" where it concerns a claim that a sentence exceeds the statutory maximum. Id.

Cabo's suggestion that the test in Wofford is only "dicta" and is not controlling to a claim asserting that a sentence exceeds the statutory maximum is misplaced. While he is correct that the Eleventh Circuit Court of Appeals purported the three-factor test to be dicta, it also recognized that the Wofford decision established "two necessary conditions" which must be met in order to "pass muster under the savings clause." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). Cabo is correct that the savings clause may apply "when a fundamental defect in sentencing occurred and "the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted). However, a petitioner must still fulfill the necessary requirements to invoke the savings clause. The two necessary conditions do not become unnecessary simply because a petitioner asserts a claim that his sentence exceeds the statutory maximum. Such a claim is not an exceptional circumstance to the requirements of the savings clause as Cabo asserts. Similarly, jurisdictional claims are not exceptions to the savings clause requirements. See Carr v. Holder, 154 F. App'x 95, 96-97 (11th Cir. 2005).

By admitting that no other court has addressed his claim—that his sentence exceeds the statutory maximum—since the decision in Callanan v. United States, 364 U.S. 587 (1961), Cabo demonstrates that he cites to no later Supreme Court decision overturning Circuit precedent or the precedent set forth in Callanan and that this decision remains binding in this Circuit. He does not rely upon a retroactively applicable

Supreme Court decision overturning precedent as required to invoke the savings clause. Cabo cannot invoke the savings clause. Therefore, Cabo cannot argue the merits of his claim because he has failed to open "the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

Nevertheless, the Magistrate Judge correctly determined that, even if Cabo properly invoked the savings clause and the Court ruled on the merits of his claim, such claim would fail as it is foreclosed. Cabo argues that, unlike the petitioner in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), whose sentence was not in excess of the statutory maximum until there was a decision which overturned circuit precedent, his "sentence was imposed from the beginning in an illegal manner[.]" (Doc. 13, p. 6). The Magistrate Judge correctly determined that his sentence does not exceed the statutory maximum, and there has been no decision establishing that it does. Cabo asserts that "the Callanan decision is conflicting with Congress' later enactment of the Sentencing Reform act of 1984," and cites to 28 U.S.C. § 991 *et seq.* and 28 U.S.C. § 994. Id. at 8. The Eleventh Circuit has stated, "28 U.S.C. § 991 *et seq.* authorizes a commission to promulgate sentencing guidelines. Section 994 [ ] provides that the guidelines shall reflect the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense and an offense that was the sole object of the conspiracy. This statute was [ ] effective [ ] October 12, 1984 . . . it does not prohibit consecutive sentences." United States v. Wade, 788 F.2d 722 (11th Cir. 1986).

AO 72A
(Rev. 8/82)

Cabo's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**, and Cabo's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2 day of July, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)